UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AWA KA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

Case No. 1:26-cv-1475

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.6.)

In an Order entered on May 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March

23, 2026 bond hearing on May 11, 2026. (Resp., ECF No. 5; Recording of Mar. 23, 2026, Bond Hearing, filed on May 11, 2026.) Petitioner filed her reply on May 13, 2026 (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. (Pet., ECF No. 1, PageID.2, 3.) On February 23, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.3.)

On March 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At the conclusion of the March 23, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight Risk." (Immigration Judge Order, ECF No. 1-1, PageID.9.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 23, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:      May 20, 2026             /s/ Jane M. Beckering
                                     Jane M. Beckering
                                     United States District Judge

3